UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STETLER CROSS MINISTRIES, INC. | ) | CASE NO.: 09-11332(1)(11) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion of the United States Trustee ("Trustee") for Disgorgement of Attorney's Fees Pursuant to §330(a)(2). The Court considered the Motion of the Trustee, the Response to the Motion of the United States Trustee for Disgorgement filed by the Debtor Stetler Cross Ministries, Inc. ("Debtor") and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion of the United States Trustee. An Order requiring disgorgement accompanies this Memorandum-Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2009, the Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. The Petition was filed and prepared by Debtor's counsel, Frank Yates ("Yates").

On August 17, 2009, Debtor filed a Disclosure of Compensation of Attorney for Debtor indicating that Yates had received $2,000 from the Debtor prior to the filing of the Petition.

On April 2, 2010, the Court, *sua sponte* scheduled a hearing and ordered Debtor to show cause why the case should not be dismissed due to Debtor's failure to file a small business plan.

On May 4, 2010, the Trustee filed his Motion for Disgorgement of Attorney Fees Pursuant to 11 U.S.C. §330(a)(2) concerning the $2,000 paid to Yates.

At no time before the Motion for Disgorgement was filed did Yates file an application to have himself or his firm retained as counsel for the Debtor as required by 11 U.S.C. §327. Further, Yates did not file an application for approval of compensation pursuant to 11 U.S.C. §§330 and 331.

At the hearing held on April 29, 2010, Yates admitted that he received $2,000 from the Debtor and that he spent the money without ever seeking Court approval for his employment or for his fee.

On May 13, 2010, Yates filed an Application to be Employed as Attorney for the Debtor.

On June 3, 2010, Debtor filed its Response to the Trustee's Motion for Disgorgement.

## **LEGAL ANALYSIS**

The Trustee seeks an Order requiring Debtor's attorney to disgorge $2,000 in attorney's fees received prior to the approval of his employment as attorney for the Debtor and without prior Court approval.

It is well established that a debtor's counsel in a Chapter 11 proceeding cannot be paid without seeking and obtaining prior court approval. See, 11 U.S.C. §§330 and 331.

This Court has noted several times that there are few omissions more serious in a Chapter 11 case than the failure of a debtor's attorney to obtain court approval prior to securing payment for services rendered from a debtor's estate. The Bankruptcy Code and Federal Rules of Bankruptcy Procedure strictly regulate the compensation of professionals for the purpose of preventing over-reaching. Failure to follow these rules, regardless of how *de minimis* the fee, cannot be overlooked by this Court.

Debtor's counsel's employment must be approved by the Court pursuant to 11 U.S.C. §327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. Simply because Debtor's counsel

2

disclosed to the Court the receipt of a $2,000 fee at the outset of the case, does not alleviate the need for counsel's employment to be approved and prior approval before drawing on any retainer. Professionals may not be paid absent Bankruptcy Court approval and then only upon proper application with notice provided to creditors. See, 11 U.S.C. §§330 and 331; In re McCrary & Dunlap Co., LLC, 263 B.R. 574, 583 (N.D. Tenn. 2001).

In this case, Debtor did not seek prior approval of Yates' employment. More disturbing, however, was counsel's admission that he received a $2,000 fee pre-petition, that he did not place the fee in his escrow account, but rather drew upon the funds, and spent them. All of this was done without Court approval.

In In re Kisseberth, 273 F.3d 714 (6th Cir. 2001), the Sixth Circuit stated:

> The provisions of the Bankruptcy Code and the Bankruptcy Rules that regulate attorneys fees are designed to protect both creditors and the debtor against overreaching attorneys. In re Walters, 868 F.2d 665, 668 (4th Cir. 1989). To ensure such protection, bankruptcy courts have broad and inherit authority to deny any and all compensation where an attorney fails to satisfy the requirements of the Code and Rules. In re Downs, 103 F.3d 472, 479 (6th Cir. 1996) (denying all compensation to an attorney who disregarded his obligation to disclose his fee arrangement under §329 and Rule 2016); Matter of Prudhomme, 43 F.3d 1000, 1003 (5th Cir. 1995) (concluding that a bankruptcy court may order disgorgement as a sanction against the debtor's counsel for failing to disclose fees). Disgorgement may be proper even though the failure to disclose resulted, as Henderson claims, from negligence or inadvertence. In re Park-Helena Corp., 63 F.3d 877, 882 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information [in a Rule 2016 statement] may result in a denial of all requested fees.")

This case does not present an intentional misrepresentation on the part of Debtor's counsel but rather an inadvertent or negligent failure to disclose. Regardless, the failure to seek Court approval by Debtor's counsel prior to accepting the fee and having his employment approved by the Court is serious enough to require disgorgement. The Court's purpose is to compel future

3

compliance on Debtor's counsel's part and to serve as a warning for all counsel appearing before this Court.

## CONCLUSION

For all of the above reasons, the Court **GRANTS** the Motion of the United States Trustee for Disgorgement of Attorney's Fees.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 6, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
STETLER CROSS MINISTRIES, INC. )   CASE NO.: 09-11332(1)(11)
)
<u>             Debtor(s)            </u> )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of the United States Trustee for Disgorgement of Attorney's Fees Pursuant to §330(a)(2), be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that counsel for the Debtor Frank Yates must disgorge the $2,000 attorney's fee received from Debtor Stetler Cross Ministries, Inc.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  July 6, 2010

5