**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                             )
                                                   )
STETLER CROSS MINISTRIES, INC.    )          CASE NO.: 09-11332(1)(7)
                                                   )
_____Debtor(s)_____ )

---

**MEMORANDUM-OPINION**

---

This matter is before the Court on the Motion to Alter or Amend the Court's Order of July

7, 2010 filed by Debtor Stetler Cross Ministries, Inc. ("Debtor").  The Court considered the Debtor's

Motion to Alter or Amend and the comments of Debtor's counsel and the U.S. Trustee at the hearing

held on the matter.  For the following reasons, the Motion to Alter or Amend is **DENIED**.

**<u>LEGAL ANALYSIS</u>**

On July 7, 2010, this Court entered a Memorandum-Opinion granting the United States

Trustee's Motion for Disgorgement of Attorney's Fees Pursuant to §330(a)(2).  The Court ordered

Frank Yates, counsel for the Debtor to disgorge $2,000 paid to him from the Debtor.  Yates did not

file an application to have his employment approved by the Court as required by 11 U.S.C. §327,

nor did he seek Court approval prior to receiving compensation from the Debtor pursuant to 11

U.S.C. §§330 and 331.

The Court's Order of July 7, 2010 was based on 11 U.S.C. §§327, 330 and 331 of the United

States Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.  The

Court's Order was also based on well established case law which requires debtor's counsel to apply

for court approval of employment and prior to drawing on a retainer.  In re McCrary & Dunlop Const. Co., LLC, 263 B.R. 574, 583 (M.D. Tenn. 2001); and In re Kisseberth, 273 F.3d 714 (6th Cir. 2001).  The Court does not find the case at bar distinguishable from the authorities cited above.  Nor does this case merit *nunc pro tunc* entry of orders approving counsel's conduct in this case.

There being no new evidence or justification for altering the Court's Order of July 7, 2010 requiring disgorgement, the Debtor's Motion to Alter or Amend is **DENIED**.

**CONCLUSION**

For all of the above reasons, the Court will enter the attached Order denying the Debtor's Motion to Alter or Amend.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 1, 2010

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
STETLER CROSS MINISTRIES, INC.                  )          CASE NO.: 09-11332(1)(7)
                                                )
                          Debtor(s)             )

---

## ORDER

---

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Alter or Amend the Court's Order of July 7, 2010 filed by Debtor Stetler Cross Ministeries, Inc., be and hereby is, **DENIED.**

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 1, 2010